UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF GLOBAL ENERGY HORIZONS CORPORATION,<br><br>Applicant. | Case No.: 5:15-mc-80078-PSG<br><br>**ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING**<br><br>**(Re Docket No. 1)** |

Global Energy Horizons Corporation has applied to this court for an order to obtain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782(a). GEHC seeks an order authorizing a subpoena to Mountain View-based Google Inc. for documents to be used in connection with a lawsuit adjudicated in the English High Court of Justice, Chancery Division in the United Kingdom. GEHC brought the lawsuit for breach of fiduciary duty against Robert Gresham Gray—a significant shareholder in GEHC.[1] GEHC alleges that Gray "usurped a business opportunity belonging to GEHC" to profit from a highly confidential, innovative technology ("Ultrasound Technology") and to engage in a specific strategy to exploit that technology.[2]

---

[1] *See* Docket No. 1 at 2.

[2] *See id.*

1

Case No.: 5:15-mc-80078-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

According to GEHC, Adam Seth Kantor—a close and longtime associate of Gray—facilitated collaboration between Gray and several Russian scientists to exploit the Ultrasound Technology without conferring any financial benefits on GEHC.[3]  Kantor opened a personal email address to more discretely communicate with the Russian scientists.[4]  GEHC now seeks access to this email address—planning.1956@gmail.com—to discover information vital to the upcoming damages phase of the English action.

The English High Court found that Gray breached his fiduciary duty to GEHC by putting himself in a position where his personal interests conflicted with his duties to GEHC and by taking advantage of GEHC's business opportunity for his own personal benefit without GEHC—a clear violation of the English no profit rule.[5]  As the case entered the damages phase, the English High Court ordered Gray to produce all money or benefits he incurred as a direct or indirect result of his breach.[6]  The High Court also ordered Kantor to review and disclose emails from the Gmail account at issue as they are "likely to contain communications relating to the existence and extent of Gray's ongoing involvement in the exploitation of the Ultrasound Technology and Acquisition Strategy."[7]  Kantor has authorized GEHC to access his account, but Google will only access the account pursuant to an order from this court.[8]

**I.**

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal,

---

[3] *See id.*

[4] *See id.* at 4.

[5] *See id.* at 2-3.

[6] *See id.* at 3.

[7] *Id.*

[8] *See id.* at 2.

2
Case No.: 5:15-mc-80078-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

and (3) the application is made by a foreign or international tribunal or any interested person."[9] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[10] The Supreme Court has identified several factors that a court should take into consideration in ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[11]

## II.

GEHC's application satisfies the statutory requirements. First, Google is located in Mountain View, which is in this district. Second, the discovery sought is for use in a proceeding before the High Court of Justice in England, United Kingdom,[12] which is undisputedly a "proceeding before a foreign or international tribunal" under Section 1782(a).[13] Finally, there can be no real dispute that GEHC qualifies as an interested person because it is a party to the foreign proceeding and requires the information at issue here to determine the extent of Gray's breach and the monetary damages at play.[14]

---

[9] 28 U.S.C. § 1782(a); *see also In re Republic of Ecuador*, Case No. 3:10-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[10] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[11] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264-65).

[12] The High Court of Justice has ruled that GEHC "be entitled to its own enquiry as to the arrangements to which Mr. Gray is party directly or indirectly providing for the said benefits." Docket No. 1 at 13. Acquisition of the information sought through the subpoena at issue serves to achieve such a goal.

[13] *See* 28 U.S.C. § 1782(a); s*ee, e.g.*, *In re Letter of Request from Crown Prosecution Serv. Of United Kingdom*, 870 F.2d 686, 691 (D.C. Cir. 1989) ("[N]o question that British courts qualify as 'tribunals' [for 1782 purposes].").

[14] *See Intel*, 542 U.S. at 256 (stating that an interested person under Section 1782 "plainly reaches beyond the universe of persons designated 'litigant,'" although there is no doubt that "litigants are included among, and may be the most common example").

3
Case No.: 5:15-mc-80078-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

The Supreme Court has noted that

> [w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[15]

In the instant case, Google is not a party in the foreign proceeding. Further, Google is not a company resident in the United Kingdom, and the requested information therefore does not appear to be within the immediate reach of the English High Court of Justice. This factor weighs in GEHC's favor.

Under the second discretionary *Intel* factor, district courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[16] There is no authority suggesting the English government would be hostile to or otherwise reject discovery obtained through a Section 1782 subpoena.[17] GEHC further argues that the English Court would be receptive to the evidence because of how critical it is to determine the extent of Gray's breach and resulting damages.[18] This factor also weighs in GEHC's favor.

Although Section 1782 does not require the documents sought to be discoverable in the foreign courts, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[19] Here, GEHC represents that it is "unaware of any restrictions on proof-gathering procedures in the

---

[15] *Id.* at 264.

[16] *Id.*

[17] *See* Docket No. 1 at 14-15.

[18] *See id.*

[19] *Intel*, 542 U.S. at 260-63, 265.

4
Case No.: 5:15-mc-80078-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

United Kingdom that would prohibit obtaining the discovery it seeks through Section 1782."[20]  The court finds this factor to be neutral.

GEHC's request is narrowly tailored and seeks only information that Google is able to recover, or—if no information is recoverable—an explanation detailing why the information is no longer available.[21]  Further, GEHC has already obtained consent of Kantor—the owner of the email address at issue—authorizing Google to disclose this information to GEHC.[22]  GEHC thus does not seek any information that the owner wishes to hold private.[23]  Finally, GEHC argues that granting Section 1782 discovery here promotes efficiency in the discovery process, whereby GEHC can quickly and effectively acquire information that will move the damages phase of the case forward.[24]  This request does not appear to be unduly intrusive or burdensome, so this factor weighs in GEHC's favor.

### III.

GEHC's application is GRANTED.[25]  GEHC may serve the subpoena attached to its application,[26] without prejudice to any motion to quash that Google or any other appropriate party may wish to file.

---

[20] *See* Docket No. 1 at 16.

[21] *See id* at 17.

[22] *See id.*

[23] *See id*.

[24] *See id*.

[25] In its papers, GEHC asks for an order requiring Google to (1) recover and restore to Kantor's Gmail account all previously deleted emails, (2) confirm the number of emails which Google has been able to recover and/or restore to the account and the earliest and latest dates of any recovered or restored emails, (3) explain why any unrecoverable emails are not capable of being recovered and (4) explain whether Google, the account holder or another party deleted emails from the account and information regarding the dates when the emails were deleted.  *See* Docket No. 1 at 5.  But this court only has authority under Section 1782 to grant the application to serve the subpoena attached at Exhibit A on Google.  Any further relief cannot be and is not granted.

[26] *See* Docket No. 1 at Exh. A.

5
Case No.: 5:15-mc-80078-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING

**SO ORDERED.**

Dated: March 24, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

6

Case No.: 5:15-mc-80078-PSG
ORDER GRANTING APPLICATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS FOR USE IN A FOREIGN PROCEEDING